IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD HUEL COLE,

        Petitioner,

    v.                                   CASE NO. 09-3186-RDR

CLAUDE CHESTER,

        Respondent.

**O R D E R**

Before the court is a pro se habeas corpus petition submitted by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN). Also before the court is petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, without any certified financial accounting of petitioner's resources as required by 28 U.S.C. § 1915(a)(2). The court grants petitioner provisional leave to proceed in forma pauperis, subject to petitioner's timely filing of a certified record of his inmate trust fund account.

Upon initial review of the petition, the court finds it is subject to being summarily dismissed because petitioner presents no allegations appropriate for habeas review or relief.

Petitioner states he is being denied mental health treatment and placement in a medical facility in Springfield, Missouri, as specified in his criminal judgment and commitment order. Petitioner contends he needs eye and prostate surgery, indicates he has a bullet in his left lung, and claims he is manic depressive and

haunted by spirits and demons. Petitioner claims he is being denied common fare meals to follow his religious beliefs, and that USPLVN staff refusal to process his grievances is thwarting his exhaustion of administrative remedies.

A United States district court is authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, petitioner seeks unspecified relief on allegations concerning the conditions of his present confinement, and asserts no challenge to the fact or duration of his incarceration. Proceeding in habeas corpus is thus inappropriate.[1] Hill v. McDonough, 547 U.S. 573, 579 (2006)(challenges to the circumstances of a prisoner's confinement are appropriate in a civil rights action rather than habeas corpus).

A federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See* Lonchar v. Thomas, 517 U.S. 314, 320 (1996)(*citing* Habeas Corpus Rule 4). Accordingly, the court directs petitioner to show cause why the instant petition for habeas corpus relief presented under 28 U.S.C. § 2241 should not be dismissed. The failure to file a timely response may result in the petition

---

[1] Petitioner may file a complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), to seek relief on allegations of constitutional error in the conditions of his confinement at USPLVN. The filing of such a civil action will obligate plaintiff to pay the full $350.00 district court filing fee over time, as provided by 28 U.S.C. § 1915(b)(1)-(2), as amended by the Prison Litigation Reform Act (PLRA) in 1996.
 The court will direct the clerk's office to supply petitioner with court approved forms for filing a Bivens action under 28 U.S.C. § 1331 if petitioner chooses to do so.

being dismissed without prejudice, and without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted, subject to petitioner's filing within twenty (20) days a certified financial record of funds available in his inmate trust fund account.

IT IS FURTHER ORDERED that petitioner is directed to show cause why the petition for a writ of habeas corpus should not be dismissed without prejudice.

The clerk's office is to provide petitioner with a court approved forms for filing under 28 U.S.C. § 1331 and 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED:  This 15th day of October 2009, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge